## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BURT WENZEL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   CIVIL NO. 10-MC-6-JPG |
| CORRECTIONAL OFFICERS, et al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Plaintiff's motion for Order to File Case Without Complaint (Doc. 1), his motion for appointment of counsel (Doc. 2), and his motion for leave to proceed *in forma pauperis* (Doc. 3). The gravamen of Plaintiff's motions - taken as a whole - is that he seeks to be granted *pauper* status and then appointed an attorney with whom he can consult *before* filing an action in this Court. Plaintiff states that he believes that "without properly consulting with counsel on how to present my claim, and who is legally liable . . . they may not be effective or meaningful to the court."

At the outset, the Court notes that, as a practical matter, it is impossible to rule on Plaintiff's motion to proceed *in forma pauperis* without having some notion as to what type of action Plaintiff is contemplating such as a civil rights action under 42 U.S.C. § 1983 or a habeas action under 28 U.S.C. §§ 2241, or 2254. If Plaintiff is bringing a constitutional challenge to his conviction and, therefore, seeks federal habeas relief pursuant to 28 U.S.C. § 2254, then the prisoner provisions of the Prison Litigation Reform Act do not apply to his motion to proceed *in forma pauperis*." *Walker v. O'Brien*, 216 F.3d 626, 634 (7th Cir. 2000) ("[i]f a case is properly filed as an action under 28

U.S.C. §§ 2241, 2254, or 2255, it is not a 'civil action' to which the PLRA applies").

Second, as a legal matter, 28 U.S.C. § 1915(a) provides that this Court "may authorize the commencement . . . of any suit, action, or proceeding, civil or criminal, without prepayment of filing fees." Pursuant to Rule 3 of the Federal Rules of Civil Procedure, "a civil action is commenced by filing a complaint with the court." Reading these two provisions together, the filing of a complaint - even a rudimentary, *pro se* one- is required to commence a civil action and, thus, to trigger the Court's authority to grant *pauper* status under 28 U.S.C. § 1915(a) and to appoint counsel. Additionally, when Congress has authorized the appointment of counsel *before* a proper action is filed, it has done so expressly and in much clearer language. *See McFarland v. Scott*, 512 U.S. 849, 855-56 (1994) (statutory right to counsel of habeas petitioner who is under a penalty of death attaches prior to the filing of a formal, legally sufficient habeas corpus petition).

Lastly, the Court notes that *pro se* pleadings filed by prisoners are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519 (1972). The Federal Rules of Civil Procedure also allow for fairly liberal post-filing amendment of a civil complaint. Fed. R. Civ. P. 15.

Put simply, Plaintiff has failed to identify any applicable constitutional or statutory authority for the Court to appoint counsel for him for the purpose of investigating his claims prior to initiating an action. Therefore, Plaintiff's motion for an Order to File Case Without Complaint (Doc.1), his motion to appoint counsel (Doc. 2), and his motion to proceed *in forma pauperis* (Doc. 3) are **DENIED**. The Clerk of Court is **DIRECTED TO CLOSE THIS CASE**.

**IT IS SO ORDERED**.

**Dated: July 8, 2010.**

        **s/ J. Phil Gilbert**
        **U. S. District Judge**